IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 1883 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| 5443 SUFFIELD TERRACE, SKOKIE, ILLINOIS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The United States has brought a civil forfeiture action against the defendant property 5443 Suffield Terrace, Skokie, Illinois (the "Property"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 19 U.S.C. § 1595a(a), alleging that its owner, attorney Richard Connors, ran a lucrative business selling illegally imported Cuban cigars out of the property and made mortgage payments on the property from the profits of that illegal business. Because these activities violate 18 U.S.C. § 545 (smuggling goods into the United States) and 50 App. U.S.C. § 16 (the Trading With the Enemy Act) they subject the property to civil forfeiture. In April 2001, Connors was indicted and charged with conspiracy to defraud the United States, smuggling Cuban cigars into the United States, false statements on a passport application, and five counts of violating the Trading With the Enemy Act. After a jury trial he was convicted on all counts. The United States has now moved for summary judgment in the instant action. For the reasons discussed below, the motion for summary judgment is granted.

Summary judgment is appropriate if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists

only when a reasonable jury could find for the opposing party based on the record as a whole. Moore v. J.P. Hunt Transp., Inc., 221 F.3d 944, 950 (7th Cir. 2000). In support of its motion, plaintiff has filed an L.R. 56.1 Statement of Material Facts Not in Dispute in full compliance with the local rule, in which it details Connors' illegal importation and selling of Cuban cigars during the period 1996 through 1999. Each statement of fact set forth in plaintiff's document is properly supported by citations to the record.

Under the Rule, Connors was required to file a response to plaintiff's L.R. 56.1 Statement, containing "a response to each numbered paragraph . . . including, in the case of any disagreement, specific references to the affidavits, parts of the record and other supporting materials relied upon . . . ." L.R. 56.1(b)(3)(B). Although appearing pro se, Connors is an attorney and fully capable of complying with the rules. Yet his response is woefully deficient. He purports to challenge or deny 60 of the 70 facts asserted in plaintiff's statement, but not one of his challenges is supported by citation to the record or to any admissible evidence.[1] For these reasons alone, the court could deem each of plaintiff's statements of fact as admitted and grant the motion for summary judgment. Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 528-29 (7th Cir. 2003).

Even crediting Connors' unsupported denials, however, certain facts remain undisputed. First, it is beyond contest that Connors was unlawfully importing Cuban cigars during the period 1996 through 1999. Although it is true, as Connors argues, that this court has held that any activity prior to March 15, 1997, is beyond the statute of limitations and not actionable, he is

---

[1] Connors has submitted two affidavits, neither of which comply with Fed. R. Civ. P. 56(e), because neither is submitted under penalty of perjury.

incorrect that such evidence is inadmissible to show a pattern of illegal activity.  See Fitzgerald v. Henderson, 251 F.3d 345, 265 (2d Cir. 2001); Mathewson v. National Automatic Tool Co., 807 F.2d 87, 91 (7th Cir. 1986).  In any event, there is ample undisputed evidence that illegally imported Cuban cigars were seized from Connors' home in 1997 and that he illegally sold Cuban cigars in 1998.  It is also undisputed that he stored illegal cigars in his home during the relevant time period and that he converted a portion of the property into a humidor to store those cigars.

Connors does raise a few legal challenges to the motion that are worth noting.  First, he argues that plaintiff has waived any argument that it is entitled to summary judgment on an income deficiency standard.  Plaintiff has submitted facts that demonstrate that Connors reported adjusted gross income of: $21,145 in 1996; $13,847 in 1997; and $11,890 in 1998.  His mortgage payments (including property tax escrow) for those years were approximately $18,000 per year.  Despite his reported adjusted gross income, Connors deposited into bank accounts $57,730 in 1996; $57,388.91 in 1997 and $55,814.72 in 1998, which total $115,052.10 more than his reported earnings during that time frame.  He also made credit card payments of $13,564 in 1996, $12,937 in 1997, and $21,800 in 1998.  His mortgage payments came from the same bank accounts where the deposits greatly exceeded his stated income.  This evidence is more than sufficient to meet plaintiff's burden of establishing by a preponderance of the evidence that illegitimate funds were used to make the mortgage payments.  See United States v. $174,206.00 in U.S. Currency, 320 F.3d 658, 662 (6th Cir. 2003).

Connors has not attempted to show any other source of legitimate income.  Instead he argues that plaintiff has waived this theory because the initial complaint alleged that claimant's income "greatly exceeded his expenditures" for the years 1996 through 1998.  Connors admitted

3

those allegations and now argues that plaintiff is stuck with the allegations of the complaint and his admission in the answer. Not surprisingly, Connors presents no legal support for this waiver argument. The allegation in the complaint was obviously a typographical error (the gist of the complaint is that Connors' expenditures greatly exceeded his income for the years in question) and under Fed. R. Civ. P. 15(b) plaintiff can amend the complaint to correct those errors.

Moreover, it is undeniable that Connors used the property to store illegally imported cigars, subjecting the property to forfeiture under 19 U.S.C. § 1595a(a). In a last ditch attempt to avoid the inevitable, Connors suggests that the cigars belonged to some unnamed "roommate," making Connors an innocent owner. He offers no evidence of this "roommate," however, and Connors' criminal conviction precludes an such argument. See United States v. U.S. Coin and Currency in the Amount of $8,674.00, 379 F.3d. 946, 947 (7th Cir. 1967).

Finally, Connors claims that his ex-wife Tracy's half interest in the property cannot be defaulted because she no longer owns that interest. According to Connors he was granted the 1/2 interest when he and Tracy were divorced in 1997, at which time Tracy executed a quit claim deed in his favor. It is undisputed, however, that the deed was never recorded, leaving Tracy as a holder of record. Because she has made no claim, her interest is defaulted. Of course, if Connors is the actual holder his interest is forfeited for the reasons stated above.

## CONCLUSION

For the reasons set forth above plaintiff's motion for summary judgment is granted, forfeiting to the United States the property located at 5443 Suffield Terrace, Skokie, Illinois.


**ENTER:**     **June 17, 2008**

                                                _____
                                                **Robert W. Gettleman**
                                                **United States District Judge**